UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 2:05-cr-00121-RCJ-(RJJ) |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ALEXANDER LOGLIA, et al.; ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on the Government's Motion in Limine to Preclude Defense Based Upon Payment in Gold & Silver. (#488.) The Court has considered the Motion, the pleadings on file, and oral arguments on behalf of the parties. IT IS HEREBY ORDERED that the Government's Motion is *granted in part* and *denied in part*.

## BACKGROUND

On May 29, 2003, Internal Revenue Service ("IRS") agents executed search warrants at various business locations used by Defendant David Kahre ("Kahre"). As a result of that search, a federal grand jury returned an indictment against multiple individuals, including Kahre. The Government charged Kahre with two counts of attempting to Evade or Defeat Tax in violation of 26 U.S.C. § 7201, and one count of Conspiracy to Attempt to Evade or Defeat Tax. On April 4, 2006, the United States issued a superseding indictment charging Kahre

with additional counts and crimes. Defendant Alexander Loglia ("Loglia") has also been charged in this case. Although Loglia's and Kahre's cases are on separate dockets (05-cr-00121 and 05-cr-00120), Loglia has filed a Notice of Joinder in Kahre's opposition to the Government's currently pending motion in limine. The following chart summarizes the counts against Loglia and Kahre (collectively "Defendants"):

| Defendant | Counts | Charge |
|---|---|---|
| Kahre | 1-2, 10-13 | 26 USC § 7201 – Attempt to Evade or Defeat Tax |
| | 3 | 18 USC § 371 – Conspiracy to Attempt to Evade or Defeat Tax |
| | 7 | 18 USC § 1343 – Wire Fraud |
| Loglia | 147-150, 152-156 | 26 USC § 7201 – Attempt to Evade or Defeat Tax |
| | 151 | 26 USC § 7206(1) – Filing a False Tax Return |
| | 187 | 18 USC § 371 – Conspiracy to Attempt to Evade or Defeat Tax |

The Government alleges that Kahre wilfully attempted to evade paying $524,374 in taxes by concealing and attempting to conceal assets from the IRS, and that Laglia wilfully attempted to evade paying over $100,000 in taxes. The Government also claims that Defendants failed to file tax returns for several years. Specifically, the Government argues that Defendants used gold and silver coins to evade paying taxes. According to Defendants,

they used the coins to conduct business in conjunction with their "boycott of the Federal Reserve System." (#83, 2.) Defendants used these coins to transact all business. The coins' fair market value exceeds their face value. Defendants paid and received wages in gold and silver in exchange for goods and services. Based on the coins' face value, the compensation received is below the dollar threshold requirement to withhold and/or pay income taxes. Defendants reported all income and transactions at the face value amount, failing to report the difference as income, which reduced their respective tax liabilities. Ninth Circuit precedent clearly requires a taxpayer to report the coins' face value as income. Although Defendants admit they used gold and silver coins to lower or reduce their tax liability, they argue that "using and contracting to use gold and silver coins at face value as a medium of exchange is a lawful exercise of a statutory right." *Id.* Defendants plan to argue at trial that they were not guilty because they honestly thought they were entitled to report income at the coins' lower face value, and that the law supports such a belief.

## DISCUSSION

The Government has filed a motion in limine asking the Court to preclude Defendants from using any defense or evidence based upon a theory that using gold and silver coins allows Defendants to report only the coins' face value as income. For the reasons discussed below, the Court grants in part and denies in part the Government's motion.

**I.     Defendants' "Good Faith Belief"**

The Government asks the Court to exclude any "defense based upon payment in gold and silver" because the Ninth Circuit has repeatedly held that the amount realized in a transaction using gold and silver coins is the fair market value, and not the coins' face value.

*See, e.g., Cordner v. United States*, 671 F.2d 367, 368-69 (9th Cir. 1982) (holding that when gold coins have a fair market value in excess of face value, taxpayers must report income at the fair market value); *see also Cal. Federal Life Ins. Co. v. Comm'r*, 680 F.2d 85, 86-87 (9th Cir. 1982) (same). Although the Government correctly argues that such income is taxable, to convict Defendants for the crimes alleged, the Government must establish that Defendants "willfully" failed to pay the required taxes. As discussed below, the Court will not allow Defendants to present any arguments that the law allows them to exclude from income the coins' fair market values or to otherwise argue what the relevant tax law holds. Defendants may only present a good faith defense that they believed they could report the income as they did for the limited purpose of negating the relevant mens rea requirement, but Defendants cannot argue that their belief was actually correct.

### A. Willfulness

Tax evasion and failure to file tax returns require that the offender act "willfully." I.R.C. §§ 7201-07. The Government must establish willfulness to support a conviction under 26 U.S.C. § 7201. *United States v. Bishop*, 291 F.3d 1100, 1106 (9th Cir. 2002) (citing *United States v. Bishop*, 412 U.S. 346, 361 (1973)). Willfulness is also an element of conspiracy to defraud the United States. *Id.* (quoting *United States v. Crooks*, 804 F.2d 1441, 1448 (9th Cir. 1986)).

In *Cheek v. United States*, which involved a prosecution under sections 7201 and 7203, the Supreme Court held that "[w]illfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." 498

U.S. 192, 201 (1991)).  *Cheek* also held that a taxpayer who violates the tax law based on good faith ignorance of the law or an erroneous belief that he was not violating the tax code does not act "willfully," even if the taxpayer's belief is objectively unreasonable:

> [I]f the Government proves actual knowledge of the pertinent legal duty, the prosecution, without more, has satisfied the knowledge component of the willfulness requirement. But carrying this burden requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws. This is so because one cannot be aware that the law imposes a duty upon him and yet be ignorant of it, misunderstand the law, or believe that the duty does not exist. In the end, the issue is whether, based on all the evidence, the Government has proved that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable.

*Id.* at 202.  Thus, after *Cheek*, a defendant can no longer be convicted of tax fraud if the fact-finder believes the defendant's ignorance surrounding the tax law, even if the defendant's beliefs are unreasonable.  The Supreme Court further reasoned that ignorance to the law could be a defense in the criminal tax context "largely due to the complexity of the tax laws" where "[t]he proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by the tax laws." *Id.* at 199-200.  However, although a defendant may raise a good faith belief or mistake defense to a jury, he may not argue that the income tax law is unconstitutional or that the tax law supports his erroneous beliefs.  *Id.* at 206.  In *Cheek* the Supreme Court stated: "We thus hold that in a case like this, a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness, need not be heard by the jury, and if they are, an instruction to disregard them would be proper." *Id.*

In the present case, Defendants' claims may not be objectively reasonable; nonetheless, pursuant to the above analysis, Defendants may argue that they violated the tax law based on a good faith ignorance of the law or an erroneous belief that the law did not require Defendants to include as income the coins' fair market value. However, because the law clearly holds that the coins' fair market value was reportable income, they cannot argue that the law did not require them to report the difference between the coins' face and fair market values or that the tax law is somehow unconstitutional. Accordingly, the Court will not allow Defendants to present any arguments that the law allows them to exclude from income the coins' fair market values or to otherwise argue what the relevant tax law holds. Defendants may only present a good faith defense that they believed they could report the income as they did for the limited purpose of negating the relevant mens rea requirement, but Defendants cannot argue that their belief was actually correct.

## CONCLUSION

The Court will allow Defendants to introduce evidence that they used gold coins to reduce taxes only to the extent such evidence relates to their good faith belief that they were not violating the law. The Court will not allow Defendants to argue or present evidence that their belief is legally correct or that Defendants had a legal right to exclude the coins' value from income. The Government will have the opportunity to present evidence that Defendants' belief was not in good faith. The Government need not adduce direct proof of willfulness—the jury may infer intent from the defendants' acts. *United States v. Spinelli*, 443 F.2d 2, 2-3 (9th Cir. 1971) (citing *Norwitt v. United States*, 195 F.2d 127, 132-133 (9th Cir.

1952)). Therefore, IT IS HEREBY ORDERED that the Government's Motion in Limine (#488) is *granted in part* and *denied in part*.

DATED this 5th day of January, 2007.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE